IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN A. LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-07-887-C |
| | ) | |
| NORTHROP GRUMMAN SYSTEMS | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff filed this action claiming that Defendant retaliated against him for and interfered with his use of medical leave and discriminated against him in violation of the Americans with Disabilities Act and Oklahoma law. Defendant has moved to stay these proceedings and for an order compelling arbitration of Plaintiff's claims in accordance with its Dispute Resolution Policy. Because the Court finds that a valid and enforceable agreement to arbitrate exists, Defendant's motion is granted.

### BACKGROUND

Plaintiff worked for Defendant as a Software Engineer from July 1999 until his termination in August 2006. In January 2004, Defendant implemented a Dispute Resolution Policy that was binding on all existing employees who continued their employment, were not represented by a labor union, and were covered by U.S. law. (Doc. No. 12, Def.'s Mot., Ex. 2.) The new dispute resolution process consists of five steps: informal review, administrative officer review, a management appeals committee,

mediation, and arbitration. Mediation and binding arbitration are described as the alternative to the traditional legal process and do not require the completion of the first three progressive steps, the "HR Process."

Employees were instructed:

> [E]ffective 10 May 2004, you and the company are obligated to resolve by private mediation and/or final and binding arbitration all claims or controversies, past, present or future, for which a court otherwise would be authorized by law to grant relief, in any way arising out of, relating to, or associated with your employment with the company or the termination of your employment.

(Def.'s Ex. 3.) The policy specifically identifies, as covered by the company's dispute resolution process, employment-related claims against the company (including those for discrimination based on disability), claims for retaliation, and claims based on an alleged violation of federal or state law. Mediation is available in lieu of or as a precursor to binding arbitration but is not required before proceeding to binding arbitration.

Plaintiff was given copies of the two documents explaining the dispute resolution process by mail and e-mail. There is no evidence or suggestion that he ever complained or questioned the new policy and process.

## DISCUSSION

The Federal Arbitration Act (the "FAA") requires a court to compel arbitration pursuant to the terms of the parties' agreement if a valid, enforceable arbitration agreement exists and the asserted claims are within the scope of that agreement. 9 U.S.C. § 4. There is no disagreement that the claims asserted in this case are within the scope of

the agreement. Instead, Plaintiff's opposition to arbitration is based on the validity and enforceability of the Dispute Resolution Policy described above. He argues that: (1) the agreement to arbitrate is unconscionable because it is ambiguous with respect to whether the dispute resolution process was mandatory; (2) the reference to "non-represented employees" is vague, ambiguous, and confusing; and (3) the agreement is an adhesion contract and unenforceable because it was issued unilaterally without any bargaining between the parties.

When the parties dispute the existence of a valid arbitration agreement, there is no presumption in favor of arbitration. Dumais v. Am. Golf Corp., 299 F.3d 1216, 1220 (10th Cir. 2002). "The existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked." Avedon Eng'g, Inc. v. Seatex, 126 F.3d 1279, 1287 (10th Cir. 1997). Oklahoma state law principles of contract formation are used to determine whether the parties have agreed to arbitrate an issue or claim. Id.; see also 9 U.S.C. § 2.

Under Oklahoma law:

An unconscionable contract is one in which, "at the time of making of the contract, and in light of the general commercial background and commercial needs of a particular case, clauses are so one-sided as to oppress or unfairly surprise one of the parties." "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties, together with contractual terms which are unreasonably favorable to the other party."

Been v. O.K. Indus., Inc., 495 F.3d 1217, 1236 (10th Cir. 2007) (citations omitted).  A provision or term is ambiguous if it is susceptible to two or more reasonable constructions, based on the plain and ordinary meaning of the language of the entire agreement.  See Otis Elevator Co. v. Midland Red Oak Realty, Inc., 483 F.3d 1095, 1102 (10th Cir. 2007).

Having reviewed the two documents that were given to Plaintiff and which constitute the arbitration agreement in this case, the Court finds Plaintiff's contention that portions of the agreement are ambiguous, vague, and/or confusing without merit.  The agreement clearly explains that neither the covered employee nor the company would be able to resort to the courts to resolve certain types of claims.  That other mechanisms and forums within the dispute resolution process are available to an employee short of binding arbitration does not reasonably suggest that the entire process is optional.

Plaintiff's reference to a statement in the body of the e-mail forwarding the new policy as attachments also does not create an ambiguity.  Plaintiff notes that the reference to "non-represented employees" in that e-mail suggests that the arbitration provisions are binding only if the employee had not hired counsel relating to the dispute.  (Dkt. No. 15, Pl.'s Resp. at 3.)[*]  Assuming that the e-mail from the Human Resources Department is part

---

[*] The e-mail referred to announced and attached the revised policy and procedures.  It stated in part:

> [Defendant] has long believed that these forms of alternative dispute resolution are more effective than court litigation.  We continue to believe that both employees and the company will benefit more from using the procedures outlined in the accompanying attachments than they would by taking disputes before a judge or jury.  This process is in place of a trial before a judge or jury and requires non-represented

4

of the arbitration agreement, it clarifies in at least two places that the representation at issue is by labor unions, not private counsel. Thus, when considered in context, the term is not reasonably susceptible to more than one construction.

Finally, the agreement is not invalid or unenforceable simply because Plaintiff was required to accept the terms of the Policy to continue his employment. A contract of adhesion is one that does not result from bargaining between the parties; "the contract is on a take-it-or-leave-it basis." Bilbrey v. Cingular Wireless, L.L.C., 2007 OK 54, ¶ 10, 164 P.3d 131, 134. Under Oklahoma law, an adhesion contract is not necessarily unconscionable or unenforceable. In re Mako, Inc., 127 B.R. 474, 477 (Bank. E.D. Okla. 1991); Spears v. Shelter Mut. Ins. Co., 2003 OK 66, ¶ 5, 73 P.3d 865, 868 (explaining that insurance contracts are contracts of adhesion and, thus, are construed strictly against the drafter).

In another context, the Tenth Circuit has held that an arbitration clause contained in an adhesion contract is not necessarily unenforceable. Abrams v. Merrill Lynch, Pierce, Fenner & Smith, 888 F.2d 696 (10th Cir. 1989) involved arbitration clauses in standard brokerage agreements. Even though the investors had "no real opportunity to negotiate the terms because signing the agreement was a prerequisite to doing business in the securities market," the arbitration clauses were enforceable. 888 F.2d at 700. The court

---

employees to use it rather than to use court processes for any employment dispute. (Pl.'s Ex. 1.)

found no authority to support the contention that arbitration clauses are inherently unconscionable or unfair, even if they are contained in contract of adhesion. Id. Thus, the critical issue is not whether these parties' agreement to arbitrate should be labeled an adhesion contract (or whether it was procured through procedurally unconscionable means), but whether, in substance, the agreement is unconscionable or otherwise unenforceable.

Plaintiff makes no argument that the terms of this particular agreement are unfair or unconscionable. Cf. Dumais, 299 F.3d at 1219-20 (invalidating agreements to arbitrate because they were illusory in that they allowed one party the unfettered right to alter the existence or scope of the agreement); Shankle v. B-G Maint. Mgmt. of Colo., Inc., 163 F.3d 1230, 1234-35 (10th Cir. 1999) (finding arbitration agreement unenforceable because it imposed prohibitively high costs on claimants). Certainly, the details of the Policy were not contained in a clause hidden in a maze of fine print. Two clearly written documents explaining the process were provided to Plaintiff, without objection or comment.

Plaintiff's employment was at-will and he was free to quit if he so chose. He did not, and his continuing to work manifested his acceptance of the Policy. Hardin v. First Cash Fin. Servs., Inc., 465 F.3d 470, 478 (10th Cir. 2006). That he would now prefer to litigate his claims here is not a relevant consideration.

CONCLUSION

Having determined that the applicable Dispute Resolution Policy is valid and enforceable, Defendant's Amended First Supplemental Motion to Stay Proceedings and Compel Arbitration (Dkt. No. 12) is GRANTED. The parties are ORDERED to initiate the binding arbitration process. This proceeding is STAYED and will be administratively closed pending resolution of that process.

IT IS SO ORDERED this 4th of February, 2008.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge